IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-HC-2139-BO

| | |
|---|---|
| OLUFEMI ABIODUN OGUNYEM, Petitioner, | ) ) ) |
| v. | ) ORDER ) |
| UNITED STATES OF AMERICA, Respondent. | ) ) ) |

Olufemi Abiodun Ogunyem petitions the court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Presently, respondent seeks to file a motion to dismiss for failure to state a claim out of time [D.E. 9] and the motion to dismiss [D.E. 10]. Petitioner seeks appointment of counsel [D.E. 4]. Petitioner was given notice of the motion to dismiss [D.E. 12] and responded [D.E. 17]. These matters are ripe for determination.

On June 10, 2005, petitioner plead guilty pursuant to a plea agreement in the Middle District of North Carolina. United States v. Ogunyem, 1:05-CR-127-JAB-1. Petitioner plead guilty to one count (count 3) of possession of a firearm in commerce after a felony conviction, 18 U.S.C. § 922(g)(1) and 924(a)(2), and one court (count 7) of distribution of cocaine base, 21 U.S.C. 841(a)(1) and (b)(1)(B). Id. at [D.E.15]. Petitioner was sentenced to 120 months of imprisonment on count 7 to run concurrently with 168 months of imprisonment on count 3. Id.

Petitioner contends that the use of prior state convictions to enhance his sentence does not qualify as a predicate conviction for the purposes of 21 U.S.C. § 851, pursuant to the United States Supreme Court's rulings in Carachuri v. Holder, 130 S. Ct. 2577 (2010) and Simmons v. United States, 130 S. Ct. 3455 (2010).

Although petitioner filed his claim under 28 U.S.C. § 2241, he is in fact attacking the legality, rather than the execution of, his sentence. The legality of one's sentence must be challenged under 28 U.S.C. § 2255 unless "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; see In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). The Fourth Circuit has examined the prerequisites for finding that § 2255 is an inadequate or ineffective remedy. See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). In Jones, the court held that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Id. Section 2255 is not rendered inadequate or ineffective merely because a petitioner is procedurally barred from filing a § 2255 motion. Vial, 115 F.3d at 1194. Additionally, Ogunyemi does not even argue that § 2255 would be ineffective or inadequate to seek such relief. In fact, pending currently in the Middle District is a § 2255 filed by petitioner in which "the Federal Public Defender's Office is appointed to represented Petitioner with respect to any Simmons-related issues that may be raised in this case, as set out above." United States v. Ogunyemi, 1:05-CR-127-JAB-01; 1:12-CV-839-JAB-JEB; 1:06-CV-905-JAB-RAE. This matter is dismissed.

Accordingly, the motion to file out of time [D.E. 9] is ALLOWED; respondent's motion to dismiss is GRANTED [D.E. 10]; the matter is therefore DISMISSED without prejudice; and, the motion for appointment of counsel is DENIED as MOOT [D.E. 4].

2

SO ORDERED, this 6 day of May 2013.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3